# IN THE US DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLI CRUZ<br>234 Prospect Street<br>Catasauqua, PA 18032<br>      Plaintiff<br>vs.<br><br>DORIS SERRANO<br>14 Edgewood Drive<br>Cherry Hill, NJ 08003-2826<br>      Defendant. | : : : : : : : : : : : : | Civil Action No.: _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### PARTIES

1. Plaintiff Kyli Cruz is an adult individual who resides at the above referenced address in Northampton County, Pennsylvania.

2. Defendant Doris Serrano is an adult individual residing at the above referenced address in Camden County, New Jersey.

### JURISDICTION

3. The Plaintiff does not reside in the same state as Defendant and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. §1332.

4. Venue is proper under 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Lehigh County, Pennsylvania.

### FACTUAL ALLEGATIONS

5. On or about September 8, 2025 at approximately 3:37 a.m., Plaintiff was a front seat passenger in her 2013 Volkswagen Jetta (hereinafter referred to as "Plaintiff's Vehicle),

operated with permission by her boyfriend Travis Fain, travelling westbound on Race Street approaching its intersection with Willowbrook Road in Hanover Township, Lehigh County Pennsylvania, intending to travel straight through the intersection.

6. At the aforesaid time and in aforesaid location, Defendant was the owner and operator of her 2017 Kia Forte (hereinafter "Defendant's Vehicle"), travelling eastbound on Race Street approaching its intersection with Willowbrook Road.

7. At the aforesaid time and location, Defendant suddenly and without warning attempted to make a left turn onto Willowbrok Road directly in front of Plaintiff's Vehicle as Plaintiff's Vehicle was going through the intersection on a steady green traffic signal, violently striking the front passenger side of Plaintiff's Vehicle.

8. The crash was caused solely, directly, and proximately as a result of the carelessness and negligence of the Defendant as set forth more fully herein.

9. Plaintiff in no way or manner caused or contributed to the crash or her injuries.

**COUNT I**
**NEGLIGENCE**
**KYLI CRUZ v. DORIS SERRANO**

10. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

11. The negligence and carelessness of Defendant included, *inter alia*:

   a. Operating Defendant's vehicle in such a manner as to cause the Crash, specifically failing to have the motor vehicle under proper and reasonable control at all relevant times herein;

   b. Operating Defendant's vehicle without due regard for the rights, safety, wellbeing and position of the Plaintiff under the aforesaid circumstances;

   c. Operating Defendant's vehicle at an excessive rate of speed;

   d. Operating Defendant's vehicle while distracted from the roadway

        conditions;

e.    Operating the vehicle while unable to see clearly or to judge distances in a reasonable and ordinary fashion;

f.    Failing to give prompt, proper, and adequate warning of approach;

g.    Failing to yield the right of way to other vehicles;

h.    Failing to keep a proper look out;

i.    Failing to operate the motor vehicle in a safe and proper manner;

j.    Failing to apply the brakes of the vehicle or to take such other measures as were necessary to avoid the above-described collision;

k.    Failing to properly maintain Defendant's vehicle in a manner to permit safe operation and stopping when applying the brakes;

l.    Failing to comply with the laws, rules, and regulations of the Pennsylvania Motor Vehicle Code pertaining to the operation of motor vehicles on or about the public highways;

m.    Operating Defendant's Vehicle in violation of Pa.C.S. §3334; Turning Movements and Required Signals;

n.    Failing to slow or stop; and

o.    Failing to swerve to avoid colliding into another motor vehicle.

12.    The above-described collision was in no way caused by any act or failure to act on the part of the Plaintiff.

13.    As a direct result of the aforesaid incident, Plaintiff suffered various injuries, including, but not limited to: acute L2 wedge compression fracture, nondisplaced fracture of the spinus process of L1, lower anterior abdominal wall subcutaneous infiltration and hematoma requiring use of an abdominal binder, lateral subluxation of the left patella, a 6 cm laceration of the left knee requiring suture repair.

14.    As a result of the above-described incident, Plaintiff has suffered the need to

undergo medical and rehabilitative treatment and care, which may continue into the future indefinitely.

16. As a result of the above-described incident, Plaintiff has suffered, and may continue to suffer severe economic losses, including bills for medical treatment, medication, physical therapy, and other medical services.

16. As a direct and proximate result of Defendant's negligence and carelessness, and the crash, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure herself of the injuries she sustained.

17. As a direct result of the aforesaid incident, Plaintiff has incurred in the past, and will in the future continue to incur great physical and emotional pain and suffering, and serious bodily impairment.

18. As a direct result of the aforesaid incident, Plaintiff has been unable to attend to normal duties and activities and sustained a diminution in the ability to enjoy life and life's pleasures.

19. As a direct and proximate result of Defendant's negligence and carelessness, and the crash, Plaintiff has suffered and may in the future continue to suffer severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and one or more serious impairments of bodily functions.

20. As a direct and proximate result of Defendant's negligence and carelessness, and the crash, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help.

21. As a direct and proximate result of Defendant's negligence and carelessness, and

the crash, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of her earning capacity.

WHEREFORE, Plaintiff, Kyli Cruz, demands judgment in her favor against Defendant, Doris Serrano, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with such further relief as this Court may deem appropriate.

ETHEN OSTROFF LAW, PC
Attorney for Plaintiffs

Date: 12/12/2025        By: *(signature)* Brandon Zanan

Brandon H. Zanan, Esquire
Attorney ID No.: 315747
21 E. 5th Avenue, Suite 102
Conshohocken, PA 19428
(267) 297-2077